ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ROBERT E. DUGDALE (Cal. State Bar No. 167258)
Assistant United States Attorney
Chief, Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4685
     Facsimile:  (213) 894-3713
     e-mail: robert.dugdale@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 09-683-MMM |
| Plaintiff, | REPORT TO THE COURT FILED IN RESPONSE TO THE COURT'S MINUTE ORDER, DATED JUNE 2, 2010, REQUESTING FURTHER INFORMATION RE: DEFENDANT'S MOTION |
| v. | |
| CURTIS DAVID FAHLBERG, | |
| Defendant. | |

On June 3, 2010, the parties met and conferred with regard to their positions pursuant to the Court's Order Requesting Further Information re: Defendant's Motion. Each party gave a preliminary position, and agreed that they would present their positions in a joint report to the Court. Included herein are the positions of the government and the defense concerning this

matter.[1]

THE GOVERNMENT'S POSITION

On May 31, 2010, defendant filed a motion to suppress the identification testimony of the three child victims named in the indictment in this case, L.T.K.G., D.T.M.V., and D.T.M.T. Defendant noticed this motion – which is 25 pages long and which attaches four separate declarations -- for a hearing on June 28, 2010. In this motion, defendant contends that the identification testimony of these witnesses should be suppressed because their identification of defendant as their assailant was the product of impermissibly suggestive interviews.

Suppression of the identification testimony by the child victims in this case would obviously be a severe sanction, and it is one the Supreme Court has counseled should be imposed only where the identification procedure at issue is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" of the defendant by the witness at issue. See Simmons v. United States, 390 U.S. 377, 384 (1968) (emphasis added). The government believes that before a hearing is held on a motion addressing the appropriateness of such an extreme sanction (in a case that is not scheduled for trial until November 2010) that the Court should have a record before it that fully develops the issues raised in defendant's motion. In this vein, the government believes that there are several reasons why

---

[1] The government's position is contained herein on pages 2 through 6 of this report. The defendant's position, which was provided by defense counsel to government counsel via e-mail, follows.

2

the hearing on this matter should take place <u>after</u> the depositions scheduled next month in Cambodia.

First, as a practical matter, the government is going to require additional time than that provided under the Local Rules to respond to defendant's motion in order to have a fair opportunity to rebut defendant's claims at a hearing on defendant's motion. Defendant's motion includes the declarations of three expert witnesses who examined the videotaped interviews of the victims and who opine as to the likelihood that the child victims have misidentified defendant as an individual who engaged in illicit sexual contact with them. The government was provided with no notice by the defense prior to the filing of defendant's motion that such expert witness testimony would be offered in this case. The government is currently in contact with expert witnesses who it has asked to review the conclusions reached by defendant's experts. In the interests of fairness, and to provide the Court with a complete record on the issues raised in defendant's motion, the government should be provided with a reasonable amount of time to retain its own experts and to have them review the materials at issue prior to responding to defendant's motion.

Second, the government believes that at least one of the witnesses who the parties are scheduled to depose in Cambodia next month will offer testimony that is relevant to the issues raised in defendant's motion.[2] This witness, Channa Touch, has

---

[2] Defense counsel has refused to provide information concerning the testimony of the witnesses he intends to depose in Cambodia and has provided no discovery to the government relating

3

previously informed that government that he served as defendant's "driver" on occasions when defendant traveled to Phnom Penh, Cambodia. Mr. Touch has informed the government that on these occasions when he served as defendant's driver, he drove defendant to various child brothels located in Cambodia and defendant made admissions to him about engaging in sex with young girls at these locations. Mr. Touch's expected testimony directly contradicts assertions that defendant makes in support of his motion. (See e.g., Defendant's Motion at p. 24 ("Mr. Fahlberg specifically denies having sexual relations with child prostitutes in brothels in Cambodia")). Moreover, Mr. Touch's testimony supports the notion that the child victims in this case would have had the opportunity that they claim they did to view defendant, one of the factors that this Court must consider when determining if the testimony of these child victims is reliable. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

Third, the scheduled trip to Cambodia next month will provide government counsel with an opportunity to further interview the child victims, as well as those who initially interviewed these child victims, and to report to the defense and the Court any further information these witnesses have which bears upon the issues raised in defendant's motion and this Court's determination of whether an evidentiary hearing on defendant's motion will be necessary.

While defendant suggests in his motion that this Court

---

to these witnesses to date. However, defense counsel has represented to government counsel that the testimony of these witnesses will not bear upon the issues raised in his motion.

should order the depositions of these potential witnesses, apparently in lieu of their live testimony at an evidentiary hearing, defendant cites no legal authority in support of this request, and this request should be rejected.[3] If this Court determines that an evidentiary hearing on defendant's motion is necessary, the government will take all reasonable steps necessary to secure the testimony of these victims before this Court. This opportunity the Court will have to access the credibility of these witnesses in person would be far preferable to making a ruling based upon a review of deposition testimony, as proposed by defendant.

Accordingly, the government requests the following:

1. That the government be given until July 6, 2010 to file its preliminary opposition to defendant's motion to allow the government a reasonable amount of time to retain and seek the guidance of its own expert witnesses to address the contentions made by the three expert witnesses who have offered declarations in support of defendant's motion;[4]

---

[3] Federal Rule of Criminal Procedure 15, for instance, only provides for the taking of pre-trial depositions in criminal cases in "exceptional circumstances." In the context of taking foreign depositions, like those of the victim witnesses requested by defendant here, such "exceptional circumstances" exist if (1) the witness is "unavailable" and (2) the witness' testimony is material to the case. United States v. Johnson 752 F.2d 206, 209 (6th Cir. 1985); United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984). In this case, the victim witnesses are willing to travel to the United States to testify at trial, or, if need be, at an evidentiary hearing ordered by the Court. Accordingly, they are not "unavailable" for purposes of Rule 15.

[4] The government will agree to provide the defense with whatever amount of time defendant reasonably requires to file its

 1        2.   That the parties file supplemental briefs by August
 2   2, 2010 addressing any facts obtained during the trip to Cambodia
 3   that bear upon defendant's motion;
 4        3.   That a hearing be held in mid-August 2010 to address
 5   whether an evidentiary hearing will be needed to address
 6   defendant's motion and to determine which witnesses located
 7   outside of the United States should be present for such a
 8   hearing; and
 9        4.   That the government be provided with at least 30 days
10   notice to coordinate the logistics associated with the travel of
11   witnesses who will need to appear for such an evidentiary
12   hearing, if it is deemed necessary.

    2.   That the parties file supplemental briefs by August 2, 2010 addressing any facts obtained during the trip to Cambodia that bear upon defendant's motion;

    3.   That a hearing be held in mid-August 2010 to address whether an evidentiary hearing will be needed to address defendant's motion and to determine which witnesses located outside of the United States should be present for such a hearing; and

    4.   That the government be provided with at least 30 days notice to coordinate the logistics associated with the travel of witnesses who will need to appear for such an evidentiary hearing, if it is deemed necessary.

**DEFENDANT'S POSITION**

    1.   The Defense requests that the Court proceed with the hearing on June 28, 2010 as scheduled, unless the Court orders an evidentiary hearing on this Motion.

    If the Court deems that an evidentiary hearing is not necessary – that it does not require direct testimony from the victim girls and is prepared to rule on the pleadings, it is the position of the defense that no witness from the pending depositions will provide testimony which will bear on defendant's motion, and therefore, no delay should occur.

    The government has advised the defense that it believes that the deposition of Channa Touch, the driver of Mr. Fahlberg in Phnom Penh, will be relevant to the Court's ruling on defendant's motion. The defense disagrees.

    The government's investigation report describes Mr. Touch as

---

optional reply to the government's opposition.

stating that he drove Mr. Fahlberg to the brothels, and that Mr. Fahlberg stated he had an interest in underage girls. Although Mr. Touch's testimony has not yet been given under oath, if, assuming *arguendo,* that his statement was true, it in no way relates to the: 1) suggestibility of the of the photo identification, or 2) the reliability of L.T.K.G., D.T.M.V. and D.T.M.T.'s testimony.

Even viewing Mr. Touch's testimony in a light most favorable to the government, Mr. Touch is not a percipient witness to what occurred in the brothels: he cannot testify to whether Mr. Fahlberg had sexual relations with L.T.K.G., D.T.M.V. and D.T.M.T. Therefore, his testimony will not bear on the pending motion.

The government also has advised the defense that it will interview L.T.K.G., D.T.M.V. and D.T.M.T. while in Phnom Penh in July, 2010, and therefore will be better able to assess the suggestibility of the photo identification and their reliability. If the government believes that further assessment of the testimony of L.T.K.G., D.T.M.V. and D.T.M.T. is necessary to determine whether their description of Mr. Fahlberg is reliable, then it should be done by way of deposition, so that the defense will have the opportunity to pose questions to the victim girls, and ultimately the Court will be able to assess their testimony. To do so without the defense input will perpetuate an already demonstrated bias in which the girls will continue to acquiesce to the expectations of the government.

      2.    **If the Court Rules that an Evidentiary Hearing is Necessary, the Defense Requests that the Court Order the Examination of L.T.K.G., D.T.M.V, and D.T.M.T. as Soon as Practicable**

If the Court orders an evidentiary hearing, then the defense requests that the Court order the government to transport L.T.K.G., D.T.M.V. and D.T.M.T. to Federal District Court in the Central District as soon as practicable for that hearing. If the Court denies that request based on logistical concerns, the defense requests that the Court grant the defense leave to depose L.T.K.G., D.T.M.V. and D.T.M.T. while the parties are taking depositions in Phnom Penh, Cambodia in July, 2010.

An evidentiary hearing should occur as soon as practicable, such that the parties will be able to obtain a ruling from the Court and thereby efficiently assess their positions. For example, if the Court should suppress the identification testimony of L.T.K.G., D.T.M.V. and D.T.M.T., then the government may elect not to proceed with the charges in the indictment. This way, resources of the Court, the government and Mr. Fahlberg will not be needlessly exhausted. In contrast, a hearing which occurs close to the trial date in this case will require the

//

//

1 parties to fully prepare for trial, and thereby consume resources
2 that otherwise could have been preserved.
3 DATED: June 4, 2010                Respectfully Submitted,
4                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
5
                                     CHRISTINE C. EWELL
6                                    Assistant United States Attorney
                                     Chief, Criminal Division
7
8                                    _____
                                     ROBERT E. DUGDALE
9                                    Assistant United States Attorney
                                     Chief, Violent and Organized Crime
10                                   Section