UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | CR 09-00683-MMM | Date | June 21, 2010 |
|---|---|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|
| Interpreter | |

| ANEL HUERTA | N/A | Robert E. Dugdale- Not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Curtis David Fahlberg | NOT | ✗ | | 1. Ronald O. Kaye | NOT | | ✗ |

**Proceedings:** [In Chambers] Order Continuing Hearing; Setting Evidentiary Hearing

On May 31, 2010, defendant filed motions to suppress certain evidence and identification testimony. On June 2, 2010, the court issued an order soliciting the parties' views as to whether it would be appropriate to continue the hearing given the possible need for an evidentiary hearing and the prospect that deposition testimony to be obtained in early July 2010 may be helpful in resolving the motions.

The government has indicated that it needs additional time to retain experts and present their testimony. Although the government filed opposition to the motions, it states that it will be required to supplement that opposition to provide expert testimony responding to that defendant has proffered. The government also states that one of the witnesses it will depose in Cambodia may have information pertinent to resolution of the motions. Finally, it notes that it will have an opportunity to interview the child victims in Cambodia, although they will not be deposed.

The government requests that it be given until July 6, 2010 to file further preliminary opposition to defendant's motion, that the parties file supplemental briefs by August 2, 2010 addressing any evidence obtained during the trip to Cambodia, and that a hearing be held in mid-August 2010 to address whether an evidentiary hearing is necessary. The government also requests that if an evidentiary hearing is to be held, it be given thirty days' notice to coordinate the logistics associated with the travel of witnesses from Cambodia.

The government notes that credibility of the individual witnesses is critical in assessing many of the factors relevant to the reliability of the identification. See *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972)

("[T[he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation").

In light of the fact that trial is set for November 9, 2010, the court concludes that it is appropriate to continue the hearing on defendants' motions and order an evidentiary hearing on defendant's motion to suppress identification testimony. The court therefore sets the following schedule:

| | |
|---|---|
| Supplemental Opposition by the Government (including any expert declarations): | **July 19, 2010** |
| Supplemental Briefing by the Parties Regarding Evidence Gathered in Cambodia: | **August 2, 2010** |
| Reply Brief by Defendant: | **August 16, 2010** |
| Evidentiary Hearing on Defendant's Motions: | **September 20, 2010 @ 1:15 p.m.** |