ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division (Cal. State Bar No.: 167258)
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4685
    Facsimile: (213) 894-0141
    E-mail: robert.dugdale@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09-683(A)-MMM |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | CURTIS DAVID FAHLBERG |
| v. | ) | |
| | ) | |
| CURTIS DAVID FAHLBERG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

1. This constitutes the plea agreement between defendant Curtis David Fahlberg ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

*Binding Plea Agreement.20100716*

## RULE 11(c)(1)(C) AGREEMENT

2.     Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 19 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provision of this agreement, paragraph 20 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## DEFENDANT'S OBLIGATIONS

3.   Defendant agrees to:

a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count five of the First Superseding Indictment in <u>United States v. Curtis David Fahlberg</u>, CR No. 09-683(A)-MMM.

b)   Not contest facts agreed to in this agreement.

1   c)   Abide by all agreements regarding sentencing
2   factors and sentencing contained in this agreement.
3   d)   Appear for all court appearances, surrender as
4   ordered for service of sentence, obey all conditions of any bond,
5   and obey any other ongoing court order in this matter.
6   e)   Not commit any crime; however, offenses that would
7   be excluded for sentencing purposes under United States
8   Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")
9   § 4A1.2(c) are not within the scope of this agreement.
10   f)   Be truthful at all times with Pretrial Services,
11   the United States Probation Office, and the Court.
12   g)   Pay the applicable special assessment at or before
13   the time of sentencing unless defendant lacks the ability to pay
14   and submits a completed financial statement (form OBD-500) to the
15   USAO prior to sentencing.
16   h)   Withdraw the motions to suppress currently pending
17   in this case and scheduled to be heard by the Court on September
18   20, 2010.
19   i)   To pay a fine within the suggested by the
20   applicable Sentencing Guideline range for defendant's offense of
21   conviction.

THE USAO'S OBLIGATIONS

22   4.   The USAO agrees to:
23   a.   Not contest facts agreed to in this agreement.
24   b.   Abide by all agreements regarding sentencing
25   factors and sentencing contained in this agreement.
26   c.   At the time of sentencing, move to dismiss the
27   remaining counts of the indictment as against defendant.
28

3

1        d.   Contest the inclusion of any information in

2    defendant's Presentence Report that relates to the conduct

3    alleged against defendant in this case to which defendant

4    is not pleading guilty apart from the fact defendant was at one

5    time charged with such conduct.

6    <u>NATURE OF THE OFFENSE</u>

7       5.  Defendant understands that for defendant to be guilty of

8    the crime charged in count five of the First Superseding

9    Indictment (a violation of Title 18, United States Code, Section

10   2252A(a)(5)(B)), the following must be true:

11       a.   Defendant knowingly possessed matters which the

12   defendant knew contained visual depictions of minors engaged in

13   sexually explicit conduct;

14       b.   Defendant knew each visual depiction contained in

15   the matters showed minors engaged in sexually explicit conduct;

16       c.   Defendant knew that production of such visual

17   depictions involved use of a minor in sexually explicit conduct;

18   and

19       d.   Each visual depiction had been either (a)

20   mailed, shipped, or transported in interstate or foreign

21   commerce, or (b) produced using material that had been mailed,

22   shipped, or transported in interstate or foreign commerce.

23      Defendant admits that defendant is, in fact, guilty of this

24   offense as described in count five of the First Superseding

25   Indictment.

26   <u>PENALTIES</u>

27      6.  Defendant understands that the statutory maximum

28   sentence that the Court can impose for a violation of Title 18,

4

United States Code, Section 2252A(a)(5)(B), is: 10 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above. Defendant further understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender. Defendant further understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant

1  understands that the conviction in this case may also subject
2  defendant to various other collateral consequences, including but
3  not limited to revocation of probation, parole, or supervised
4  release in another case and suspension or revocation of a
5  professional license.  Defendant understands that unanticipated
6  collateral consequences will not serve as grounds to withdraw
7  defendant's guilty plea.
8                          FACTUAL BASIS
9       9.   Defendant and the USAO agree to the statement of facts
10 provided below.  Defendant and the USAO agree that this statement
11 of facts is sufficient to support a plea of guilty to the charge
12 described in this agreement and to establish the Sentencing
13 Guidelines factors set forth in paragraph 12 below but is not
14 meant to be a complete recitation of all facts relevant to the
15 underlying criminal conduct or all facts known to either party
16 that relate to that conduct:
17      During the late evening hours of June 26, 2006, defendant
18 arrived at Los Angeles International Airport on board Cathay
19 Pacific Airways flight number 880 from Hong Kong.  As
20 defendant passed through customs upon his arrival in the United
21 States, defendant was in the possession of two laptop computers,
22 including a Sony VAIO, model number VGN-T350, laptop computer
23 (the "Sony VAIO laptop computer").
24      When passing through customs at the Tom Bradley
25 International Terminal, defendant was selected for secondary
26 screening by Customs and Border Protection ("CBP") officer Peter
27 Hur, and defendant's belongings, including his Sony VAIO laptop
28 computer, were screened by CBP Officer Hur.  At the time

1   defendant entered the United States and was subject to this
2   screening, defendant possessed images located in a folder that
3   defendant had labeled as his "Thailand" folder on his Sony VAIO
4   laptop computer and which constituted child pornography, namely,
5   (1) a photograph of a female laying naked on her back on a bed
6   located inside defendant's Thailand residence, with her full nude
7   body exposed, and with her fingers placed on the top of her
8   vagina; and (2) a photograph that shows the same girl, laying
9   naked on her back on the same bed, with her hands raised above
10  her shoulders and with her vagina fully exposed to the camera.  A
11  medical expert retained by the government has concluded that the
12  girl in these photographs, based on her anatomical structure,
13  appears to be approximately 15 years old.

14        Defendant downloaded the photographs in question on his Sony
15  VAIO laptop computer, and thus he was aware that they were
16  contained on this computer at the time he possessed them upon
17  entering the United States on the evening of June 26, 2006.

18        Finally, as defendant transported the images at issue from
19  outside the United States into the United States on June 26,
20  2006, the images in question were transported in foreign commerce
21  prior to the time defendant's Sony VAIO computer, and the images
22  in question, were detained by law enforcement at Los Angeles
23  International Airport.

24                SENTENCING FACTORS AND AGREED-UPON SENTENCE

25        10.  Defendant understands that in determining defendant's
26  sentence the Court is required to consider the factors set forth
27  in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence
28  and sentencing range established under the Sentencing Guidelines.

1  Defendant understands that the Sentencing Guidelines are advisory
2  only.

3      11.  Defendant and the USAO agree to the following
4  applicable sentencing guideline factors:

5      Base Offense Level  :      18      [U.S.S.G. § 2G2.2]

6      Specific Offense
       Characteristics
7
       Offense involved
8      use of a computer   :      +2      [U.S.S.G. § 2G2.2(b)(6)]

9      Acceptance of
10     Responsibility      :      -3      [U.S.S.G. § 3E1.1(a)]

11
       Total Offense Level :      17
12
       Criminal History
13     Category            :      I

14
15     Guideline Range     :     24 - 30  months imprisonment

16                              $4,000 - $40,000 fine

17  The parties agree not to argue that any other specific offense
18  characteristics, adjustments, or departures be imposed.

19      12.  Defendant and the USAO agree that, taking into account
20  the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant
21  sentencing guideline factors set forth above, an appropriate
22  disposition of this case is that the court impose the following
23  sentence of: 36 months imprisonment; up to two years of
24  supervised release with conditions to be fixed by the Court which
25  shall include the conditions set forth in Attachment A; a $4,000
26  fine; and a $100 special assessment.  The parties also agree that
27  no prior imprisonment (other than credits that the Bureau of
28  Prisons may allow under 18 U.S.C. § 3585(b)) may be credited

8

1 against this stipulated sentence, including credit under

2 Sentencing Guideline 5G1.3.

WAIVER OF CONSTITUTIONAL RIGHTS

4     13.   Defendant understands that by pleading guilty,

5 defendant gives up the following rights:

6          a)   The right to persist in a plea of not guilty.

7          b)   The right to a speedy and public trial by jury.

8          c)   The right to the assistance of an attorney at

9 trial, including the right to have the Court appoint an attorney

10 to represent defendant at trial.  Defendant understands, however,

11 that, despite defendant's guilty plea, defendant retains the

12 right to be represented by an attorney -- and, if necessary, to

13 have the Court appoint an attorney if defendant cannot afford one

14 -- at every other stage of the proceeding.

15         d)   The right to be presumed innocent and to have the

16 burden of proof placed on the government to prove defendant

17 guilty beyond a reasonable doubt.

18         e)   The right to confront and cross-examine witnesses

19 against defendant.

20         f)   The right to testify on defendant's own behalf and

21 present evidence in opposition to the charges, including calling

22 witnesses and subpoenaing those witnesses to testify.

23         g)   The right not to be compelled to testify, and, if

24 defendant chose not to testify or present evidence, to have that

25 choice not be used against defendant.

26         h)   Any and all rights to pursue any affirmative

27 defenses, Fourth Amendment or Fifth Amendment claims, and other

28 pretrial motions that have been filed or could be filed.

## WAIVER OF DNA TESTING

14.  Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing, including the two laptop computers and cellular telephone that defendant possessed at the Los Angeles International Airport on June 26, 2006.  Defendant understands that the government does not intend to conduct DNA testing of any of these items.  Defendant understands: (a) before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case; and (b) with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600.  Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be subject to DNA testing.  Defendant understands that by giving up this right: (a) defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type; and (b) defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, and will never have an opportunity to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

WAIVER OF APPEAL OF CONVICTION

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 12 above, defendant gives up the right to appeal any portion of that sentence.

17. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 12 above, the USAO gives up its right to appeal any portion of that sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as

11

1   of the date of defendant's signing this agreement.

2   EFFECTIVE DATE OF AGREEMENT

3      19.   This agreement is effective upon signature and

4   execution of all required certifications by defendant,

5   defendant's counsel, and an Assistant United States Attorney.

6   This agreement will automatically expire if not so executed by

7   5:00 p.m. on August 30, 2010.

8   BREACH OF AGREEMENT

9      20.   Defendant agrees that if defendant, at any time after

10   the signature of this agreement and execution of all required

11   certifications by defendant, defendant's counsel, and an

12   Assistant United States Attorney, knowingly violates or fails to

13   perform any of defendant's obligations under this agreement ("a

14   breach"), the USAO may declare this agreement breached.  All of

15   defendant's obligations are material, a single breach of this

16   agreement is sufficient for the USAO to declare a breach, and

17   defendant shall not be deemed to have cured a breach without the

18   express agreement of the USAO in writing.  If the USAO declares

19   this agreement breached, and the Court finds such a breach to

20   have occurred, then: (a) if defendant has previously entered a

21   guilty plea pursuant to this agreement, defendant will not be

22   able to withdraw the guilty plea, (b) the USAO will be relieved

23   of all its obligations under this agreement, and (c) the Court's

24   failure to follow any recommendation or request regarding

25   sentence set forth in this agreement will not provide a basis for

26   defendant to withdraw defendant's guilty plea.

27   COURT AND PROBATION OFFICE NOT PARTIES

28      21.   Defendant understands that the Court and the United

12

States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

22.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

23.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record

13

```
 1   in court.
 2                PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING
 3         24.   The parties agree that this agreement will be
 4   considered part of the record of defendant's guilty plea hearing
 5   as if the entire agreement had been read into the record of the
 6   proceeding.
 7   AGREED AND ACCEPTED
 8   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
 9
     ANDRÉ BIROTTE JR.
10   United States Attorney
11
12   _____         8·25·10
     ROBERT E. DUGDALE                   _____
13   Assistant United States Attorney   Date
14
15
16   _____        24 Aug '10
     CURTIS DAVID FAHLBERG               _____
17   Defendant                          Date
18
19
20   _____        8-24-10
     RONALD O. KAYE                      _____
21   Attorney for Defendant             Date
     Curtis David Fahlberg
22
23
24
25
26
27
28
```

14

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
CURTIS DAVID FAHLBERG                 Date    24 Aug '10
Defendant

15

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Curtis David Fahlberg's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          8-24-10
RONALD O. KAYE                              Date
Attorney for Defendant
Curtis David Fahlberg

16

<u>ATTACHMENT A</u>

Defendant agrees that any term of supervised release imposed by this Court shall include the following terms and conditions:

      a.    The conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court;

      b.    The defendant shall use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers, or similar media;

      c.    All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he/she hide or encrypt files or data without prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer;

      d.    The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment/placement on probation;

      e.    The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, as approved and directed by the Probation Officer. The psychological counseling and/or psychiatric treatment and/or a sex offender treatment program may include inpatient treatment at the order of the Court. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

      f.    As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the

17

1   defendant's psychological/psychiatric disorder(s) to the
    aftercare contractor during the period of community supervision,
2   pursuant to 18 U.S.C. § 3672.  The defendant shall provide
    payment and proof of payment, as directed by the Probation
3   Officer;

4           g.   The defendant shall not possess any materials,
    including pictures, photographs, books, writings, drawings,
5   videos, or video games, depicting and/or describing "sexually
    explicit conduct," as defined at 18 U.S.C. § 2256(2).  The
6   condition prohibiting defendant from possessing materials
    describing "sexually explicit conduct" does not apply to
7   materials necessary to and used for legal proceedings in this or
    another criminal prosecution against defendant, including a
8   collateral attack or appeal, or to materials prepared or used for
    the purposes of defendant's court-mandated sex offender
9   treatment;

10          h.   The defendant shall not possess any materials,
    including pictures, photographs, books, writings, drawings,
11  videos, or video games, depicting and/or describing child
    pornography, as defined in 18 U.S.C. § 2256(8).  The condition
12  prohibiting defendant from possessing materials describing child
    pornography does not apply to materials necessary to and used for
13  legal proceedings in this or another criminal prosecution against
    defendant, including a collateral attack or appeal, or to
14  materials prepared or used for the purposes of defendant's
    court-mandated sex offender treatment;

15          i.   The defendant shall not own, use or have access to
16  the services of any commercial mail-receiving agency, nor shall
    he/she open or maintain a post office box, without the prior
17  approval of the Probation Officer;

18          j.   The defendant shall not frequent, or loiter,
    within 100 feet of school yards, parks, public swimming pools,
19  playgrounds, youth centers, video arcade facilities, or other
    places primarily used by persons under the age of 18;

20
            k.   The defendant shall not associate or have verbal,
21  written, telephonic, or electronic communication with any person
    under the age of 18, except: (a)  in the presence of the parent
22  or legal guardian of said minor; and (b) on the condition that
    the defendant notify said parent or legal guardian of his/her
23  conviction in the instant offense/prior offense.  This provision
    does not encompass persons under the age of 18, such as waiters,
24  cashiers, ticket vendors, etc., with whom the defendant must deal
    with in order to obtain ordinary and usual commercial services;

25
            l.   The defendant shall not affiliate with, own,
26  control, volunteer and/or be employed in any capacity by a
    business and/or organization that causes him/her to regularly
27  contact persons under the age of 18;

28          m.   The defendant shall not affiliate with, own,

18

1  control, and/or be employed in any capacity by a business whose
   principal product is the production and/or selling of materials
2  depicting and/or describing "sexually explicit conduct," as
   defined at 18 U.S.C. § 2256(2);

3

4          n.    The defendant's employment shall be approved by
   the Probation Officer, and any change in employment must be pre-
   approved by the Probation Officer.  The defendant shall submit
5  the name and address of the proposed employer to the Probation
   Officer at least 10 days prior to any scheduled change; and

6

7          o.    The defendant shall not reside within direct view
   of school yards, parks, public swimming pools, playgrounds, youth
   centers, video arcade facilities, or other places primarily used
8  by persons under the age of 18.  The defendant's residence shall
   be approved by the Probation Officer, and any change in residence
9  must be pre-approved by the Probation Officer.  The defendant
   shall submit the address of the proposed residence to the
10 Probation Officer at least 10 days prior to any scheduled move.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28